**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |  |
|---|---|
| **RICARDO C. JENKINS,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE, et al.,** <br><br> Defendants. | Case No. 1:14-cv-00660 (CRC) |

**MEMORANDUM OPINION AND ORDER**

Ricardo Jenkins has petitioned this Court for a Writ of Habeas Corpus, contending that the Parole Commission should not have re-incarcerated him due to failed drug tests while he was on supervised release. The United States opposes the Petition. It argues that Jenkins' incarceration and current supervised release are legal and that Jenkins has failed to exhaust administrative remedies. For the reasons discussed below, the Court will deny the petition.

**I.   Background**

Jenkins pled guilty to attempted distribution of a controlled substance (cocaine), and on April 28, 2011, the Superior Court of the District of Columbia sentenced him to 20-month term of incarceration followed by a two-year term of supervised release. Pet. ¶¶ 1–4; See United States' Opp'n to Habeas Pet. ("Gov't Opp'n"), Ex. A (Sentence Monitoring and Computation Data as of 03-05-2012) at 1. Jenkins was released from custody on May 8, 2012. See id., Ex. B (Warrant Application dated September 16, 2013) at 1. On September 16, 2013, the United States Parole Commission ("Parole Commission") issued a warrant for Jenkins's arrest on charges that he had violated certain conditions of his supervised release. Id., Ex. B (Warrant Application) at 1–2.

First, Jenkins was said to have used dangerous and habit forming drugs. According to his community supervision officer, "[b]etween 5/8/12 and 8/21/13, [Jenkins] submitted 99 urine

specimens which tested positive for: Cocaine, Opiates and Marijuana." Id. at 1. Second, Jenkins allegedly failed to submit to drug testing on 14 occasions. Id. at 2. Third, Jenkins allegedly failed to complete a drug treatment program at the Central Union Mission. Id. Fourth, Jenkins failed to comply with requirements of the Andromeda Drug Aftercare program, by twice submitting urine specimens that tested positive for cocaine. Id. The warrant was executed on October 3, 2013, and Jenkins was returned to custody. Id., Ex. B (United States Marshal's Return to United States Parole Commission).

Based on Jenkins's admissions, a hearing officer found probable cause that Jenkins committed the violations, except as to the charge that Jenkins failed to complete a drug treatment program at Central Union Mission. Id., Ex. D (D.C. Probable Cause Hearing Digest dated October 11, 2013) at 2–3. In lieu of a revocation hearing before the Parole Commission, Jenkins applied to participate in the Short-Term Intervention for Success ("SIS") program. Id., Ex. E (Short Intervention for Success Application dated October 21, 2013). SIS is a pilot program focusing primarily on drug intervention over re-incarceration for drug-related violations of supervised release. See id. By applying for SIS, Jenkins "accept[ed] responsibility for the violations of supervision alleged against [him]," and understood that the Parole Commission would impose a sentence of no more than eight months incarceration and an additional period of supervised release within the maximum authorized term for the underlying offense. Id. at 1. He also acknowledged that the Parole Commission would revoke supervision and issue a Notice of Action setting forth the new sentence, which he could not appeal. Id. at 2. However, if Jenkins "believe[d] that the [Parole] Commission has (1) erred in determining [his] release date; [or] (2) included special conditions of supervision that are not supported by [his] background," [Jenkins] could "request that the [Parole] Commission amend its decision." Id.

After approving Jenkins's SIS application, the Parole Commission revoked his supervised

2

release, directed that he "serve a new term of incarceration of three months from October 3, 2013, the date the warrant was executed," and imposed "an additional term of supervised release of 57 months" after his release from incarceration. Id., Ex. F (Notice of Action dated October 25, 2013) at 1. It also set the following Special Drug and Alcohol Aftercare Condition:

> [Jenkins shall] participate, as instructed by [his] Supervision Officer, in an approved inpatient or outpatient program for the treatment of narcotic addition or drug and alcohol dependency. The treatment program may include testing and examination to determine whether [he has] reverted to the use of drugs. [Jenkins] shall abstain from the use of alcohol and all other intoxicants during and after the course of treatment. If so instructed by a Bureau of Prisons institutional employee or [his] Supervision Officer, [Jenkins] shall reside in and participate in a program of[] the Re-Entry and Sanctions Center until discharged by the Center Director.

Id., Ex. F at 1.[1]

**II.    Analysis**

In applying for SIS, Jenkins agreed that he "cannot appeal the decision provided in the Notice of Action." Yet Jenkins' habeas petition does precisely that: He argues that the Parole Commission's Notice of Action was excessive. Pet. ¶ 8.[2] Jenkins says he should not have received any additional time of incarceration or supervised release, but instead should have been kept in an inpatient program. Id. He also contends that the Parole Commission's decision did not take into account his use of prescribed pain medication after surgery and his occasional use of "cocaine instead of the narcotic that was in [his] pain medication." Id.

---

[1] Even though Jenkins is not incarcerated, he is deemed "in custody" as long as he remains on supervised release. See Judd v. Gonzales, No. 13-1504, 2013 WL 5615049, at *1 n.1 (D.D.C. Oct. 15, 2013); Banks v. Gonzales, 496 F. Supp. 2d 146, 149 (D.D.C. 2007).

[2] Jenkins mentions having been incarcerated for five years and three months. Pet. ¶ 8. But combining his initial sentence and his SIS Notice of Action sentence amounts to one year and eleven months of incarceration. See Gov't Opp'n Ex A, F.

Ordinarily, an individual on supervised release who seeks to challenge the Parole Commission's decision must submit an appeal to the National Appeals Board. 28 C.F.R. §§ 2.105(g); 2.26. Failure to do so precludes bringing a habeas petition to challenge the Parole Commission's decision. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) ("A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief."); King v. Hasty, 154 F. Supp. 2d 396, 400 (E.D.N.Y. 2001) ("A petitioner must exhaust all available administrative remedies before filing a petition for habeas corpus relief, including in the parole context."). Jenkins, however, does not claim to have filed an appeal and would likely have been precluded from doing so because of his waiver. Jenkins may not sidestep his waiver of the right to appeal the merits of the Parole Commission's decision by bringing this habeas action instead. See Ath v. Chertoff, 227 F. App'x 574, 575 (9th Cir. 2007) (reviewing habeas petition of immigration detainee, "waiver of the right to [administrative] appeal is a failure to exhaust administrative remedies" (internal quotation omitted)). Theodoropoulos v. INA, 358 F.3d 162, 169 (2d Cir. 2004) (same). Even to the extent Jenkins could have invoked the exceptions to waiver in the SIS application, see Gov't Opp'n Ex. E (SIS Application) (excusing exhaustion waiver for claims that the Commission "(1) erred in determining [petitioner's] release date; (2) included special conditions of supervision that are not supported by [petitioner's] background or (3) has erred in applying the rules regarding forfeiture of time on parole"), Jenkins must still properly invoke that appeal mechanism before proceeding to federal court through a habeas petition.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [1] Petitioner's Petition for Writ of Habeas Corpus is DENIED. It is further

**ORDERED** that [2] the Court's Order to Show Cause is DISCHARGED. It is further

**ORDERED** that the petition and this civil action are DISMISSED.

This is a final, appealable Order

**SO ORDERED.**

                                                                         CHRISTOPHER R. COOPER
                                                                         United States District Judge

Date:   November 5, 2014